UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOACHIM PETROLINO,

        Plaintiff,

   v.

COUNTY OF SPOKANE, et al.,

        Defendants.

No. CV-07-228-FVS

ORDER DENYING MOTION TO DISMISS

**THIS MATTER** comes before the Court without oral argument based upon the defendants' motion to dismiss on the ground that the plaintiff's civil rights claims are untimely. The defendants are represented by Robert B. Binger. The plaintiff is represented by Gary R. Stenzel.

**BACKGROUND**

Joachim Petrolino seeks damages from Spokane County and others under 42 U.S.C. § 1983 based upon an injury he allegedly suffered on May 2, 2004. The statute of limitations is borrowed from state law; specifically, the forum state's limitation period for a personal injury claim. *Wilson v. Garcia*, 471 U.S. 261, 277-8, 105 S.Ct. 1938, 1947-8, 85 L.Ed.2d 254 (1984); *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir.2002). In the State of Washington, the limitations period for a personal injury claim is three years. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir.2002) (citing RCW

ORDER DENYING MOTION TO DISMISS - 1

4.16.080(2)).  Thus, Mr. Petrolino had three years from May 2, 2004, in which to commence his § 1983 action.  On April 18, 2007, he served a "Notice of Claim" upon representatives of Spokane County.  RCW 4.96.020(4) ("No action shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof.").  He filed an action in state court on June 18, 2007.  The defendants removed it to federal court.  28 U.S.C. §§ 1441, 1446.  They move to dismiss on the ground that Mr. Petrolino's § 1983 claim is time-barred.  He disagrees.  As he points out, RCW 4.96.020(4) contains a tolling clause.  "The applicable period of limitations within which an action must be commenced," says the statute, "shall be tolled during the sixty-day period."  If this provision is borrowed from state law, then Mr. Petrolino's action is timely.  Otherwise, it is not.

**RULING**

A state-enacted notice-of-claim statute interferes with the remedial purposes of § 1983.  *Felder v. Casey*, 487 U.S. 131, 153, 108 S.Ct. 2302, 2314, 101 L.Ed.2d 123 (1988).  As a result, Mr. Petrolino did not have to comply with RCW 4.96.020(4) before bringing a § 1983 claim.  *Id.*  Nevertheless, he may be able to invoke its tolling clause.  *Harding v. Galceran*, 889 F.2d 906, 909 (9th Cir.1989), *cert. denied*, 498 U.S. 1082, 111 S.Ct. 951, 112 L.Ed.2d 1040 (1991).  In

ORDER DENYING MOTION TO DISMISS - 2

*Harding*, the plaintiff had been charged with a misdemeanor in a California court. *Id.* at 907. A state statute prohibited him from bringing a civil action against the police officers, but tolled California's one-year statute of limitations until the criminal charge was resolved. *Id.* at 907-08. After he was acquitted, he filed a § 1983 action. The district court dismissed the claim because, by then, over one year had elapsed since the claim had accrued. *Id.* at 907. The Ninth Circuit reversed. Despite holding that federal law preempted California's prohibition against filing § 1983 claim against a police officer while a criminal charge was pending, *id.* at 908 (quoting *Felder*, 487 U.S. at 138, 153, 108 S.Ct. at 2307, 2314), the Ninth Circuit held that the tolling provision applied because it was consistent with the Constitution and § 1983. *Id.* at 909.

*Harding* figured prominently in *Silva v. Crain*, 169 F.3d 608 (9th Cir.1999). There, the plaintiff filed a § 1983 action against a city, its mayor, and a police officer after California's one-year statute of limitations for personal injury claims had run. *Id.* at 609. The district court granted the defendants' motion to dismiss. *Id.* at 610. On appeal, the plaintiff pointed out that he was asserting a claim against a public agency pursuant to the California Tort Claims Act ("CTCA"). Under the CTCA, he was required to present notice of his claim to the city before filing an action. That being the case, he argued that his claim should be governed by the special statute of limitations contained in the CTCA. *Id.* As authority, he cited *Harding*. The Ninth Circuit was unpersuaded. Contrary to the statute

ORDER DENYING MOTION TO DISMISS - 3

at issue in *Harding*, said the Ninth Circuit, the statute upon which the plaintiff was relying does not contain a tolling provision:

> [I]t is simply a separate freestanding special statute of limitations which applies when claims are presented to public agencies. Once a claim is presented, the section is the only statute of limitations which applies to that claim. It no more tolls the general residual tort statute of limitations than do other wholly separate statutes of limitations. It, like other statutes of limitations, applies and controls cases in a particular area. It is not a general statute of limitations at all.

*Id.* at 611. Given the Ninth Circuit's description of the statute upon which the plaintiff was relying, it appears that RCW 4.96.020(4) is substantially different. Unlike the California statute, RCW 4.96.020(4) contains a provision that explicitly tolls the limitations period. *Id.* ("The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period."). "In effect, RCW 4.96.020(4) provides a tort victim an additional 60-day waiting period before the action must be brought." *Pirtle v. Spokane Pub. Sch. Dist.*, 83 Wn. App. 304, 309, 921 P.2d 1084 (1996), *review denied*, 131 Wash.2d 1014, 932 P.2d 1257 (1997). However, the fact that RCW 4.96.020(4) contains a tolling provision does not mean that the tolling provision applies here. In order to understand why, it is necessary to return to first principles.

As indicated above, the Supreme Court has decided to borrow the statute of limitations for a § 1983 claim from state law. *Wilson*, 471 U.S. at 266, 105 S.Ct. at 1942. Nevertheless, there is a limit to the Supreme Court's willingness to borrow. "Only the length of the

ORDER DENYING MOTION TO DISMISS - 4

limitations period, and closely related questions of tolling and application are to be governed by state law." *Id.* at 269, 105 S.Ct. at 1943. This statement poses a significant question. Just what are "closely related questions of tolling?" In *Sain*, the Ninth Circuit considered this question; concluding that the phrase "is not to be given a broad reading[.]" 309 F.3d at 1138. In reaching that conclusion, the circuit court relied upon *West v. Conrail*, 481 U.S. 35, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987). There, the Supreme Court said, "'[W]hen it is necessary for us to borrow a statute of limitations, we borrow no more than necessary.'" *Sain*, 309 F.3d at 1138 (quoting *West*, 481 U.S. at 39-40, 107 S.Ct. at 1542).

While *Sain* provides useful background, it did not involve a tolling provision comparable to the one contained in RCW 4.96.020(4).[1] *Harding* did. In that case, the Ninth Circuit said, "[A] state tolling provision must be applied when it is not inconsistent with the Constitution or other federal law." 889 F.2d at 909 (citing *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980)).[2] The *Harding* court cited four reasons for applying the

---

[1]In *Sain*, the Ninth Circuit had to determine when a § 1983 action commenced. Since the claim was federal in character, and since the plaintiff had filed it in federal court, the Ninth Circuit refused to borrow state law. Instead, the circuit court looked to the Federal Rules of Civil Procedure. 309 F.3d at 1136-38.

[2]*Harding* did not cite *West v. Conrail*, *supra*. While there may be some tension between the two cases, the Ninth Circuit has never qualified or overruled *Harding*.

ORDER DENYING MOTION TO DISMISS - 5

California tolling provision in a § 1983 action.  First, it relieved litigants of the burden of defending against criminal charges and prosecuting civil claims at the same time.  889 F.2d at 909.  Second, there was no inconsistency between the purpose of the tolling provision and "the policies of deterrence and compensation embodied in section 1983."  *Id.*  Third, borrowing the provision ensured "consistent adjudication in state and federal courts."  *Id.*  Fourth, borrowing the provision helped avoid unnecessary litigation.  In that regard, the Ninth Circuit said:

> The tolling period serves the independent policy objective of encouraging the criminal defendant to await the outcome of the criminal action before instituting a section 1983 action.  In some cases the delay may result in the avoidance of unmeritorious actions that might otherwise be costly to all concerned.  At the same time, in other cases the delay may help render unnecessary the filing of meritorious actions, if the governmental entity is willing to settle the claim after a full exploration of the facts has occurred in a criminal proceeding.

*Id.*[3]

The first *Harding* factor has little or no relevance here.  A person who is preparing to file a § 1983 claim against a local government or its employees does not face the type of conflicting burdens present in *Harding*.  By contrast, the second and third factors are relevant here.  As in *Harding*, borrowing the tolling provision contained in RCW 4.96.020(4) would not offend the policies upon which § 1983 is based.  Furthermore, it would ensure that a person who

---

[3]There is no reason to think that the factors listed in *Harding* are exclusive.  Other factors also may be relevant.

ORDER DENYING MOTION TO DISMISS - 6

intends to file a constitutional tort against a local government faces the same limitations period that is faced by a person who intends to file a personal injury claim. That leaves the fourth *Harding* factor, which the Ninth Circuit characterized as the most important. 889 F.2d at 909. As in *Harding*, borrowing the state tolling provision could avoid unnecessary litigation by giving a local government time to evaluate the plaintiff's claim. Indeed, this is one of the reasons why RCW 4.96.020(4) was enacted. *Johnston v. City of Seattle*, 95 Wn. App. 770, 774, 976 P.2d 1269, *review denied*, 139 Wash.2d 1010, 994 P.2d 844 (1999).

Having considered the factors listed in *Harding*, the Court concludes that the tolling provision which is set forth in RCW 4.96.020(4) is not inconsistent with the Constitution or federal law. Consequently, the tolling provision must be applied here. *Harding*, 889 F.2d at 909. Mr. Petrolino's § 1983 action is timely.

**IT IS HEREBY ORDERED:**

1. The defendants' motion to dismiss (**Ct. Rec. 7**) is **denied.**

2. The plaintiff's motion for attorneys' fees (**Ct. Rec. 13**) is **denied.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___11th___ day of December, 2007.

                                    s/ Fred Van Sickle
                                      Fred Van Sickle
                                United States District Judge

ORDER DENYING MOTION TO DISMISS - 7